UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No.: 8:95-cr-00141-T-27SPF

RALPH JAMES BUCHANAN
_____/

**REPORT AND RECOMMENDATION**

Ralph James Buchanan ("Defendant") filed a motion seeking permission to proceed *in forma pauperis* on appeal. (Doc. 262). Proceeding *in forma pauperis* in federal court is permitted by 28 U.S.C. § 1915, which authorizes any court of the United States to allow indigent persons to prosecute, defend, or appeal suits without prepayment of costs. *See Coppedge v. United States*, 369 U.S. 438, 441 (1962) (discussing Section 1915). An appeal, however, may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith requires that the appeal present a nonfrivolous question for review. *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). An appeal is frivolous when it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Moreover, "[t]he party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and(C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).[1]

---

[1] Buchanan failed to state in the affidavit the issues that he intends to present on appeal. Buchanan, however, did state those issues is his Notice of Appeal (Doc. 259).

On July 3, 1996, judgment was entered against Buchanan and he was sentenced to life imprisonment. (Doc. 183). Buchanan filed a notice of appeal six days later, which was dismissed by the Eleventh Circuit. (Doc. 206). On December 18, 1998, Buchanan filed a motion to vacate under 28 U.S.C. § 2255 (Doc. 211), which was denied (Doc. 217). Buchanan's subsequent appeal was terminated by the Eleventh Circuit after it denied his motion for a certificate of appealability. (Doc. 228). On June 28, 2001, Buchanan filed a motion to modify term of imprisonment, pursuant to 18 U.S.C. § 3581(c) (Doc. 229), which was denied (Doc. 244). On October 3, 2017, Buchanan filed a Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Guideline Amendment 782 and 505 (Doc. 251), which was also denied. (Doc. 254). After Buchanan appealed, the Eleventh Circuit granted the government's motion for summary affirmance. (Doc. 258).

Without seeking any further relief from the District Court, Buchanan filed the pending notice of appeal, pursuant to 18 U.S.C. § 3742(f)(1). (Doc. 259). Whether Buchanan is attempting to appeal the judgment from 1996 or appeal for a second time the Court's most last ruling on January 31, 2018 (Doc. 254), the time period to file an appeal has expired. Rule 4(b)(1)(A)(i), Federal Rules of Appellate Procedure, provides generally that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after ... the entry of either the judgment or the order being appealed." *See Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017). As a result, Buchanan's appeal is time barred and not taken in good faith.

Accordingly, it is hereby RECOMMENDED:

1. Buchanan's motion seeking permission to proceed *in forma pauperis* on appeal (Doc. 262) be denied;

2. The District Court certify that the appeal is not taken in good faith; and

3. The Clerk be directed to notify the parties and the United States Court of Appeals for the Eleventh Circuit that Buchanan's motion was denied.

Reported this 7th day of October 2019.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.